ENGLISH FREIGHT CO. v. REED et al.

No. 9678.

Court of Civil Appeals of Texas. Austin.

Jan. 14, 1948.

Rehearing Denied Feb. 4, 1948.

Callaway & Reed and O. D. Montgomery, all of Dallas, for appellant.

James H. Rogers and Coleman Gay, both of Austin, for appellee D. C. Reed.

W. Wroe Owens, of Austin, for appellee E. L. Sealy.

HUGHES, Justice.

The appellant, English Freight Company, is a private corporation organized for the purpose of transporting goods, wares and merchandise.

In the summer and fall of 1941 appellee E. L. Sealy was doing business under the trade name of Sealy Floor Covering Company, in the course of which business he had occasion to use the facilities of ap-

pellant. Sealy was considered a good customer by appellant and in order to accommodate him a space was enclosed in appellant's warehouse in Austin to store merchandise purchased by Sealy and transported by appellant until Sealy had use for the goods in his business, the period of storage usually being from a few days to a few weeks. Sealy testified that he was to pay appellant storage, but as to whether any storage was actually paid is not shown.

Needing financial aid and because merchandise was becoming scarce and increasing in cost, Sealy approached appellee D. C. Reed, who agreed to advance Sealy money with which to make purchases, provided that he be delivered warehouse receipts as security. Accordingly, as merchandise was received by appellant for Sealy, warehouse receipts, in the following form, were issued:

"No. 7

"Received of Sealy Floor Covering Company Merchandise as follows: * * * which said property is stored in the warehouse of the undersigned located at Austin, Texas. At the time of the issuance of this receipt it is represented to the undersigned that the same is solely the property of Sealy Floor Covering Company and that no other person has any interest therein, that there are no mortgages or liens of any kind or character against the same, except such as are described on the back hereof over the signature of the said Sealy Floor Covering Company.

"Upon surrender of this receipt and the payment of all charges for storage against said property, which said storage has been agreed upon by the parties hereto, the property described in this receipt will be delivered to Sealy Floor Covering Company or to its or their order properly endorsed on the back hereof.

"The property described in this receipt is now at the time of its issuance in the warehouse of the undersigned in the City of Austin, Texas, and this receipt is issued and dated on the day of and at the time of the receipt of said property.

"The warehouse company, undersigned, does not insure the merchandise covered by this receipt against fire or other damage or loss.

"In testimony whereof, witness the signature of the undersigned at Austin, Texas, this 22nd day of July, 1941.

"English Freight Company
"By (Signed) J. B. Dolan,
"Duly Authorized Agent."

From July 1941 to October 1941 some 40 or 50 similar receipts were issued and as issued were endorsed by Sealy to Reed, who paid Sealy the amount of the invoices covering the merchandise described in the receipts plus transportation charges.

J. B. Dolan who issued these receipts for appellant was one of its office employees. Dolan was not the office manager but was in charge when the manager was away, which was about half of the time.

On January 30, 1942, Reed wrote appellant listing the warehouse receipts which he held by assignment from Sealy, requesting that the list be verified and storage of the described merchandise be confirmed. Appellant made no reply to this letter.

Appellant wrote Reed on July 22, 1943, advising that it would surrender certain merchandise to him upon surrender of the warehouse receipt covering the same.

Upon Reed's demand appellant failed to deliver all of the merchandise covered by the warehouse receipts, and on April 14, 1944, this suit was filed, conversion of the undelivered merchandise being the nature of the cause of action.

Appellant makes no complaint as to the amount of the judgment, if it is liable.

Non-liability is predicated upon two grounds (1) that Dolan was without authority to execute the warehouse receipts; and (2) that the issuance of the warehouse receipts were ultra vires acts of the corporation.

In our opinion it is unnecessary to decide either of these questions for the reason that the trial court judgment is correct, independent of how we might decide such questions.

■ It is undisputed that appellant transported, received and stored the merchandise involved in this suit. That on January 30, 1942, Reed notified appellant that he had advanced Sealy money secured by such merchandise stored wih appellant. That there-after Reed demanded delivery of such merchandise from appellant and that delivery was not made. Unless appellant can account for its failure to deliver in a satisfactory manner, then it is liable for conversion of such goods to either Reed or Sealy, and it should not concern appellant as to whom it was liable, if it is protected in the payment of the amount due. Appellant is so protected for two reasons: (1) There is no doubt but that as between Reed and Sealy the so-called warehouse receipts were valid and under the agreement between them Reed had a lien on the merchandise for the amount of money advanced to Sealy, and he could enforce his rights by suit. (2) Sealy was a party to this suit and made no objection to the action being prosecuted by Reed nor to the judgment rendered in his favor. Sealy is bound by such judgment and could never successfully claim that payment of the judgment to Reed was improper.

Appellant sought to account for its failure to deliver the merchandise by alleging that Sealy and his employees took the merchandise from the warehouse. This is also the basis of the cross-action filed by appellant against Sealy.

Sealy testified and denied that he took any merchandise for which he did not surrender warehouse receipts, and denied any knowledge as to what became of the merchandise covered by receipts which were not surrendered. There is no testimony that Sealy or any of his employees took these goods.

Appellant's liability for conversion being based upon such undisputed facts follows as a matter of law, and the authority vel non of Dolan or the appellant corporation to issue warehouse receipts is collateral to and of no effect upon appellant's liability for conversion independently established by uncontroverted testimony.

■ We, therefore, hold that the trial court did not err in withdrawing this case from the jury and rendering judgment in favor of Reed. The same lack of evidence against Sealy on appellant's cross-action also requires that the trial court's judgment against appellant and in favor of Sealy on the cross-action be sustained.

■ Appellee Reed cross-assigns error in the failure of the trial court to allow him recovery of attorney's fees and interest on his debt. The evidence shows that Sealy gave Reed notes for the money borrowed, which provided for 6% interest and attorney's fees. Reed did not sue for attorney's fees and he did not sue for interest on his debt. He did sue for interest on the value of the property converted from the date of conversion, which appellee concedes not to be recoverable. No proof was offered that the notes were placed in the hands of an attorney for collection nor as to the reasonableness of the fees therein provided.

■ As to interest on the debt, we find the record to be too indefinite to accurately determine the interest due. For instance, the money was advanced to Sealy from "July 23 through October 27, 1941." Various payments upon the debt were made in 1941, 1942 and 1944. The dates of some of these payments are not clearly shown. Nor is there any positive evidence that no interest was ever paid by Sealy.

The cross-assignment of error is overruled.

The judgment of the trial court is, therefore, affirmed.

Affirmed.